You're very welcome. We'll hear the first case, Stuckey v. United States. Good morning, Your Honors. Matt Larson of the Federal Defender's Office for Mr. Stuckey. Your Honors, the New York offenses here are not violent felonies under ACCA because they sweep in defendants who never use, let alone intend, any violence. Before you launch into your argument, our decision in Hill is being held pending DiMaia. So one question, preliminary question, is whether we should be holding and waiting for DiMaia in Hill. No, Your Honor. I believe Judge Etkin cited footnote 13 in his decision in this case. Footnote 13 in Hill explains why the issue of the force clause as relevant to New York robbery is an issue that did not get addressed in Hill. Hill considered 924C and considered Hobbs Act robbery rather than New York robbery under the force clause of ACCA or the guideline as in that case. Yeah, I appreciate that. The question is are they sufficiently similar that Hill might provide some assistance to us? I don't believe so because potentially Hill could be disposed of based on the residual clause issue, depending on how DiMaia comes out. And as to the force clause issue, footnote 13 in Hill does recognize that that inquiry as to Hobbs Act robbery under 924C's force clause is a different inquiry than New York robbery under the force clause here. Okay, thank you. You can go ahead with your argument. Certainly. So this Court has explained. This is the case about statutory interpretation. And as this Court has explained and well knows, in construing a statute, we do not construe each phrase literally or in isolation. We attempt to understand how the reader would understand the statutory text considered as a whole. Thus, it's our duty to consider the text and the context of the statute. Now, here we have the benefit of not working on a blank canvas. ACCA, and specifically the force clause at issue here, has already been interpreted by the Supreme Court. The Supreme Court in the Johnson case said the force clause requires not literally any force, but specifically violent force because we recall that we're interpreting the phrase violent felony. Similarly, the court in Leocal said not any use will do, but specifically it has to be an intentional use of force. The clause here, therefore, requires intentional violence. And the question that this case presents is intentional violence by whom? Now, the government's position is that as long as any— Would you agree that if it's Sections 3 and 4 of the New York robbery statute which are in play here for the two prior Robbery I convictions, right? That's right. Would you agree that if your client, if it had been demonstrated that your client had been the one who violated Clause 3 or 4, that that would be enough to be a violent felony? As a matter of fact, Your Honor, I think the categorical clause— excuse me, the categorical approach requires that that not be a consideration. The categorical approach requires the court to look at the statute and consider what the least of the acts is that's criminalized under the statute. Now, this statute, Sections 3 and 4, says a person is guilty of robbery if he intends to steal, and then another— But for the categorical approach, though, if somehow we could consider who did what in the two robberies, if it was established for our analysis that your client was the one who threatened the dangerous instrument or displayed the revolver, would that be enough to constitute a violent felony? We wouldn't get that far, Your Honor, because under the inquiry that we have to use in these cases, we only drill down to those kinds of facts if there is an element at issue, a divisible element. But we know from the New York Court of Appeals that the issue of who intended violence is not an element of the crime. As long as the jury finds someone does, it doesn't have to specify who did it. The element here is intending to steal, but there's no element that says we drill down and figure out factually who is the one— Forcible stealing. That's right. And as we set out in our — in the first part of our brief, forcible stealing in itself does not require the violent force that the force clause requires. Do we have to reach whether the whole robbery statute is not a crime of violence as the Jones panel did in the withdrawn opinion? They did say that. Do we have to do that, or can we just look at the two convictions of your client under 3 and 4? We're just looking at 3 and 4 here because those different prongs are divisible. There has to be a finding that there was a display of what appeared to be a pistol or the use or threat of a dangerous weapon, but there's no requirement of a jury in New York deciding who did that. Here, the least of the acts that this statute criminalizes is one individual committing a robbery with a co-defendant, and then unbeknownst to that individual, his co-defendant produces the weapon or makes the threat of violence. That's the least of the acts criminalized. And why should it be the modified approach as opposed to categorical? Because, Your Honor, again, the issue of who displayed the weapon is not an element. We only use the modified categorical approach when there's an element in dispute. But as the New York Court of Appeals has made clear, the question of who specifically, who factually displayed the weapon, is not an element that the jury has defined. As I understand your argument, you're okay with the forcible part, the intent to use some force, but you just don't think this robbery statute in the basic element part requires sufficient force to meet it. The threshold forcible stealing. Okay. Now, as I also understand it, your argument is that for the enhancement, if you want to call it that, or the non-element, the brandishing, that you have to have intent. The statute must require intent there in order to qualify. That's your argument, right? Yeah. In order to deem this state offense a violent felony under ACCA, the government... Okay. The basic crime, we know you need intent to commit a forcible robbery, even though that force may not have to be, may not be sufficient force to satisfy Johnson. But under 3, you have to brandish a weapon. And in New York, you can become liable if your co-conspirator or participant brandishes a weapon. You think you have to have specific intent for that item. It's not enough, you think, to be part of a robbery where one of the participants had that intent. Do I have your argument right? That is correct, Your Honor. Okay. And here's the reason. ACCA was written not for simply repeat offenders, but specifically intentionally violent repeat offenders, the worst of the worst. And that legislative history is set out at length. And this Court recognized it in the Town case, which the government simply ignores. Leocal, which you rely on, said you can't have a negligent state of mind to qualify for the driving under the influence and the injury that was caused from it. Why isn't the requirement under the New York statute of intent to commit forcible stealing enough? That is not enough, Your Honor, because the cases make clear, and Jones held before it was withdrawn on a different basis, that that's not enough to satisfy the force clause. The quantum of force required for New York robbery does not rise to the level of the violent force. You're talking about intent, though. Oh, excuse me. Yes. Yes. There has to be an intent to commit a forcible stealing. But that's simply intent to push, shove, tug, jostle. That's not enough under Johnson and Leocal to make it a violent felony. Now, as we set out in our briefs, yes, in isolation, brandishing a weapon is a threat of violent force. But this is the question of first impression in this case here. How do we interpret this statute? Do we interpret this statute, which imposes a 15-year mandatory minimum, on someone who is held strictly liable and someone who is never shown to intend violence? Now, we submit that that's an illogical reading of ACCA, because we know, considering ACCA's context and history, it was written for intentionally violent offenders, not unwitting co-defendants who are tripped up by a strict liability quirk of New York law. And that strict liability quirk is contrary to the Federal rule. We know that from Rosemond. Rosemond says if you're going to hold one co-defendant liable for another's use of the gun, you have to show that that person knew the other was going to use the gun. That's correct. It's the only one. Rosemond only applies hitting and abetting responsibility under 924C because of the language of 924C. It doesn't say that applies to all Federal crimes, does it?  We're analogizing to Rosemond.  in that context. Now, the question here is, what's the meaning of ACCA? That's a Federal question. Shall we interpret ACCA consistent with the Federal rule on accomplice liability under Rosemond? The answer is yes. We should not interpret a Federal statute in line with the State's definition of accomplice liability, because we recognize that the State's rule here is a quirk not only of New York law, because, again, this is an exception to New York's general rule. Generally, to be guilty of a crime in New York, as an accomplice, you do have to share all the intent. This is a strange exception. And that's also why, to rule in our favor in this case, we're not opening the flood gates to somehow disqualify all New York offenses from being ACCA priors. This is an anomaly in New York law. And it's also contrary to the Federal rule. You have some time for rebuttal. We'll hear from the government. Thank you. So, first, what is the government's view on whether we should await a decision in DiMaio and Hill? Good morning, Your Honor. My name is Nicholas Folly, and I'm an assistant United States attorney in the Southern District of New York. I represent the United States on this appeal and also did before the district court. With respect to waiting on the decision in DiMaio, the government shares the appellant's position that there is no need to do that here and that the interpretation of 924C would not necessarily dictate the outcome in the questions presented in this appeal. On appeal, Stuckey has urged this court to adopt a novel rule of law that would render all New York robberies insufficient predicates under ACCA. Such a rule is at odds with the plain words of the relevant statutes, case law, as well as common sense. The government, therefore, urges the panel to reject this novel interpretation. Why are you saying all? Because of accomplice liability would affect all the parts? Yes, Your Honor. Under Stuckey's interpretation of the combination of 2010 Johnson and Leocal, Stuckey urges this court to impose a mens rea requirement that would extend to all participants in the robbery, and because of that, it would render all New York I do believe this is a step beyond Johnson and Leocal together, but why is the fact that they would all be rendered nonviolent so important? I mean, if that's the way it is, that's the way it is. Is there something particularly? I mean, law used to be they were all violent crimes. Now law is, well, maybe some of them are and some of them aren't, and so why is that important? Okay, so if they all are non, if we can't tell, and so therefore none of them are qualifying, why? Why is that a big deal? The government's position, Your Honor, is that, firstly, that would be contrary to the existing statutory regime and also contrary to case law. It would be a misapplication of Leocal, and for that reason, first and foremost, it would be inappropriate in this case. In addition to that, the government's view is that that would certainly be flatly inconsistent with the intention of Congress when it enacted ACCA. With respect to the — Isn't the government's position that all New York robberies are violent felonies? Yes, Your Honor. That is the government's position, and the government's view is that that is consistent with a long line of unbroken decisions up until Jones, which of course this panel knows was vacated and is therefore a nullity. In Brown, this Court held that under the Elements Clause, third-degree robbery was sufficient in terms of the Force Clause under ACCA. That was all before Johnson. That was before Johnson. In this, in United States v. Miles, which was after Johnson, this Court again cited Brown for the proposition that under the New York forcible stealing under the general provision for New York robbery is consistent with 2010 Johnson. We don't have to decide that, right? I mean, I know that the Jones panel did, and maybe I even dicked it at that time, but we only have to decide whether convictions under 3 and 4 of the statute constitute violent felonies, right? That's correct, Your Honor. There are two grounds on which the government could prevail in this case. The appellant has presented two arguments. The first is that forcible stealing under New York law is not sufficient in terms of the required use of force. The government does not agree with that. The plain words of New York's robbery statute are nearly identical to what's required under ACCA. Section 160.00 requires the use or threatened the immediate use of physical force upon another person. Of course, ACCA requires the use, attempted use, or threatened use of physical force against the person of another. They are nearly identical, and the government submits that the force that is required for all New York robberies is the same and meets what is required under ACCA. What about – go ahead. I was going to say, but if New York interprets its statute to find a lower level of violence sufficient, then it doesn't matter that the words of the statute mirror ACCA, does it? The government's view, Your Honor, is that New York case law has actually also defined the elements of New York robbery consistently with 2010 Johnson. And the appellant has cited a series of cases which, in the government's view, simply stand for the proposition that there was a sufficiency of the evidence for the jury in those cases to conclude that those cases, in fact, involved the use or the threatened use of immediate force upon the person of another. And Stuckey's read of those cases ignores that there's a continuum between intimidation or threats of force and the actual application of force. And under Stuckey's view, the cases are simply in two buckets. It's either there is the application of force or there's the threat of force. So that simply can't be the case. If a robber were to – Following up on Judge Gironi's question, let me focus on three and four. Three and four involve a firearm. And so the response, Mr. Stuckey's response, is really that New York allows for liability based on the accomplice's conduct. What's the government's response to that? Yes, Your Honor. The appellant concedes, as Judge Gironi was asking, if the defendant – if we could just look at whether the defendant was convicted under subsections three and four, everyone is in agreement that those would constitute sufficient force under Johnson. Well, if he was a person who brandished a gun or dangerous instrument, that kind of thing, right? Yes, Your Honor. And the appellant cannot have it both ways. The categorical approach is what applies here. The Court has been absolutely clear that – Do you agree that the categorical approach applies here? Yes, Your Honor. And consistent with Judge Etkin's opinion below, under that approach, the Court is only permitted to look at the elements of the statute of conviction. The Court is not permitted to venture into some sort of analysis as to what a particular defendant did in a particular case and what the underlying factual conduct was. So Stuckey argues that who committed the conduct, or specifically with respect to the gun, is not an element, and that it's possible that Stuckey was convicted not because he brandished or displayed a gun, but the co-conspirator did. So why does he qualify, then, if that's possibly what happened? He qualifies because we are compelled under the categorical approach to only look at the elements. There's no dispute that the elements of subsections three and four do require that use of force. Let me ask for an intent issue. It's like felony murder. This is like felony robbery. It's the same thing in New York, similar to a felony murder, which is, I didn't even know he had a gun and he pulled it out and he threatened the person. Why do you get tagged with that under Johnson, or under Leocal, really? Your Honor, this is still consistent with a longstanding body of federal law, as well as other sentencing enhancement provisions. For example, under 924C1A, subsection Roman numeral three, there is an enhancement if the gun is discharged, even if there was no intent whatsoever for the gun to be discharged. And the defendant or the defendant's co-conspirator could have just intended that the gun be used. They could have put it on safety. The plan could have been there will be absolutely no use of that gun, and then it gets charged and they're discharged, excuse me, and they would be subject instead of a five-year mandatory minimum, they would actually be subject to a ten-year mandatory minimum. The government submits that the sentencing enhancement under ACCA, which is only concerned with looking at prior convictions and the elements of those convictions, is consistent with that principle, which exists in other areas of federal law. I see that I'm out of time. Can I ask one question? Yes, Your Honor. What about Leocal, though? It seems to say intent is relevant under some circumstances, that driving under the influence accident where it was unintended is not enough. Isn't that relevant here? Your Honor, the government's view is that Leocal was an elements case, and the problem there was when you looked at the elements of that DUI statute, there was no use of force. However, when you look at the elements under subsections 3 and 4, there is the use of force, and that is not something that either party can dispute in this case. You're saying there is use of force, but it doesn't matter whether it was the defendant or the co-conspirator. It's still picked up. That's correct, Your Honor, and that is consistent with the categorical approach, the approach that is focused on looking only at the elements of the prior convictions and not at the underlying conduct with respect to those convictions, as well as other similar sentencing enhancements. Thank you. Thank you, Your Honor. We'll hear the rebuttal. Your Honor, as Mr. Foley said, case law and congressional intent is on his side. He identifies neither as supporting his construction of the statute. He cites no case construing ACCA in the way that he wants to. He cites no piece of legislative history construing ACCA the way he wants to. We have copious legislative history set out in our brief showing that ACCA was written for the worst of the worst, intentionally violent recidivists, not unwitting schlubs who get tripped up by a quirk of strict liability law. Unwitting schlub? Would he have been convicted of robbery? Excuse me. Let me modify that. No, he's a robber. He intends to rob. He intends to use force to commit a robbery. What he doesn't intend to do is use a weapon. What he doesn't intend to do is use violence or threaten violence. If he is found guilty under subsection 3 or 4, he must have intended, or at least there must have been a finding, that he intended the use of force. Not necessarily by him, but by someone who has a part of the conduct. And the use of force simply is not enough to make it an ACCA prior because force, as we know from the New York courts, does not rise to the level in every situation categorically as violent force. But if he had not intended that there be the displaying of a gun by someone, could he be convicted under subsections 3 or 4? If he had not intended? Absolutely. And that's what we know from all of the cases set out in our brief. It is a strict liability offense, Your Honor. Judge Etkin recognized it. He cited the cases from New York saying it does not matter if one co-defendant did not intend to use the gun, was unaware of a gun, had no violent intent. You're strictly liable. So the question here is, is this kind of strict liability offense a violent felony under ACCA? Now, we know that ACCA has been interpreted very narrowly by the Supreme Court, not just any force, violent force, not just any use intentional. And we know also because of the pronounced mandatory minimum of 15 years, we apply the rule of lenity. Is it clear that ACCA has to be read the way the government says? No. It is a guess to say when Congress wrote this statute, they wanted to sweep in people who never intended violence. We know that's a really bad guess because Congress said just the opposite. When they wrote ACCA, and we have it all laid out in our brief, we are writing this statute for intentionally violent people, the worst of the worst. The problem with this quirky New York statute is that it's not limited to those kinds of people. It sweeps in the person who, yes, Judge Chin wants to commit a robbery, but he doesn't want to use violent force. And this kind of person who does not intend violence. Your view is we know in order to be convicted, he wants to use force. And your problem is that you think there has to be a separate intent for violent force. For the defendant facing the enhancement, yes, Your Honor. That's the only logical reading of the statute. Judge Etkin recognized that it is indeed illogical to read this statute that was written for a particular kind of defendant, says the Supreme Court in Big A. It would be illogical to extend it to people who never intended violence and to call an offense that does not require the person to intend violence a violent felony. It's an illogical reading, and at least there is ambiguity here, and we're guessing, and then under the rule of lenity, it has to be construed in Mr. Stuckey's favor. Thank you.